## Illinois Central R. R. Co. v. Henry H. Harris.

1. COMMON CARRIERS—*Duty to Furnish Cars Free from Disease.*—A duty is imposed by law upon railroad companies to furnish to shippers of cattle, cars which are free from infectious disease, and a failure in this regard renders them liable for the loss sustained thereby.

**Action in Case,** for damages sustained from shipping cattle in infected cars. Trial in the Circuit Court of Champaign County; the Hon. FRANCIS WRIGHT, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

WOLFE & SAVAGE, attorneys for appellant; JOHN G. DRENNAN, district attorney, of counsel.

Wherever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved and not themselves presumed. Inferences must not be drawn from inferences, nor presumptions from presumptions. United States v. Ross, 92 U. S. 281.

The law requires an open, visible connection between the principal and evidentiary facts, and the deductions from them, and does not permit a decision to be made on remote inferences. Best on Ev., 95, cited in U. S. v. Ross, 92 U. S. (2 Otto) 281; Globe Accident Ins. Co. v. Gerisch, 163 Ill. 629.

The circumstances are facts from which the main fact is to be inferred, and they are to be proved by competent evidence and by the same weight and force of evidence as if each one were itself the main fact in issue. Starkie on Circumstantial Ev., 207; Com. v. Webster, 5 Cush. (Mass.) 295.

GERE & PHILBRICK, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $1,300, recovered against appellant for the loss of some twenty-six head of cattle, shipped by appellee over appellant's railroad, in cars claimed by him to be infected with Texas fever germs.

The evidence in the record shows that appellee shipped 114 head of cattle purchased by him in the vicinity of Centralia and Edgewood, over appellant's railroad to Seymore, in Champaign county, Illinois; that within two weeks after they were unloaded from the cars, and placed in pasture, some thirty-three of them became sick of Texas fever, and that twenty-six of them died. The evidence further shows that the cattle shipped were all native; that Texas fever had never existed in the territory where they were raised, and that they had never been exposed to it before the date of their shipment.

A duty rested upon appellant to furnish appellee cars not

infected with disease, and a failure in that regard would render it liable for all loss sustained thereby. That proposition is virtually conceded, but it is contended that the evidence does not sufficiently show that appellee's cattle contracted the disease from infected cars, and that is the sole ground on which a reversal of the judgment is sought.

Although the facts appear from the evidence that the cattle were in a healthy condition when shipped; that they had never been in a locality where Texas fever had prevailed; that they had never before the day they were placed in the cars been exposed to the disease; that some of the cars used gave evidence of having been recently used for shipping cattle, and that the disease manifested itself in the number of days usually intervening between the time of exposure and the breaking out of it, it is contended that the jury, without warrant, concluded that appellant's cars were infected by reason of a previous transportation therein of cattle afflicted with the disease. It is insisted that to justify such a conclusion the evidence should in addition show that the cattle recently shipped before were affected with the disease, or that the cars had been used in shipping cattle from an infected district. We can not agree with counsel for appellant on that proposition.

It clearly appearing that the cattle died from Texas fever, and that it is a contagious disease which native cattle can not contract unless brought in contact with the germs of it, transported from a region where it prevails, the cattle in question must have been inocculated with the disease either before being placed in the cars, while in the cars in transit from Centralia to Seymore, or after they were taken from the cars. The proofs of appellee demonstrate the physical impossibility of the cattle contracting the disease either before they entered the cars at Centralia or after they were discharged from them at Seymore. They contracted the disease while on the cars, and as the evidence shows the cars had been recently used in the shipment of cattle, the conclusion is logical and irresistible that the ticks by which the disease is communicated were in the

straw and debris left in the cars when furnished to appellee. It did not devolve upon appellee to show that the cars had been used in shipping cattle from a part of the country infected by the disease.   To what use the cars had been put, and where they had been were facts within the possession of appellant, and if they had not been used in shipping cattle afflicted with the disease or in shipping cattle from an infected district, that could have been shown by appellant as a matter of defense.

Under the proofs made by him appellee was clearly entitled to recover.   Judgment affirmed.

Mr. Presiding Justice WRIGHT took no part in the decision of this case.